TAYLOR v. JUDSONIA MERCANTILE COMPANY.

Opinion delivered July 1, 1892.

*Executory contract—Failure of consideration—Election.*

> Where a creditor agreed, in consideration of a preference by deed of trust, to surrender to the trustee notes held as collateral security for his debt, and afterwards intervened in an attachment suit to claim the benefit of such preference, he will not be deemed to have made an election to rely upon the deed of trust which was subsequently adjudged invalid, but, the contract being executory and the consideration having wholly failed, he is under no obligation to surrender such notes.

Appeal from White Circuit Court.

MATTHEW T. SANDERS, Judge.

George Taylor & Co. interpleaded in an attachment suit brought by Kraft-Holmes Grocer Co. against the Judsonia Mercantile Co., a corporation engaged in merchandising.

The agreed statement of facts disclosed substantially the following state of case : In April and May, 1887, the Judsonia Mercantile Co., for the purpose of securing Geo. Taylor & Co. for advances to be made, gave them twenty-one notes aggregating over $1300 ; said notes were made by different debtors of the company for various sums, and fell due about November 1, 1887,

and were endorsed to Geo. Taylor & Co.· In September,
1887, the company, being insolvent, executed a deed of
trust, conveying all of their corporate property, includ-
ing the notes above mentioned, to Geo. W. Hanson, as
trustee, for the benefit of certain preferred creditors,
including Geo. Taylor & Co. Subsequently the Kraft-
Holmes Grocer Co. and certain other non-preferred cred-
itors brought suits at law against the Judsonia Mercan-
tile Co., and procured attachments to be levied upon its
property. Upon the application of certain creditors pre-
ferred by the deed of·trust, the chancery court appointed
Hanson receiver of the property conveyed by the deed of
trust.. The appointment of the receiver was successfully
resisted by the attaching creditors, this court holding
that equity had no jurisdiction. (*Ford* v. *Judsonia Mer-
cantile Co.* 52 Ark. 426). The receiver, under the court's
orders, paid over to the sheriff all funds collected by him,
including the sum of $616.80 collected upon the twenty-
one notes above mentioned and still held by Geo. Tay-
lor & Co. The attachments were sustained by·the cir-
cuit court. At the time the attachments were sued out,
the Judsonia Mercantile Co. was indebted to Geo. Tay-
lor & Co. in the sum of $2484.46, to secure the payment
of which the twenty-one notes were held.

The question in the case is, whether Geo. Taylor &
Co. should receive the proceeds of these twenty-one
notes or whether they should go into the general fund
for the attaching creditors? Upon this point evidence
was taken from which the court found the following
facts : "At the time this deed of trust (from the Judsonia
Mercantile Co. to Hanson) was executed and delivered,
Wm. Warren, Jr., the agent of said Taylor & Co.,
was present and * * acquiesced in allowing said
twenty-one notes to be included in the schedule of the
assets of the Mercantile Company, and then agreed with
the officers of said company and the trustee in said deed

to return said notes to Hanson, the trustee, to be by him administered as the other assets of said Mercantile Company, under the terms of said trust deed, and also participated in the preliminary consultation had just before said trust deed was executed. The legal inference from the agreement of Mr. Warren to surrender said notes is that it was done in consideration that his principal was thereby, as he believed, obtaining better and more adequate security for his debt. * * * Afterwards, the said Taylor & Co. intervened in certain actions at law by the attaching creditors of said Mercantile Company and * * filed a pleading, described as a motion or interplea, * * in which it is stated in substance that said Mercantile Company agreed with said Taylor & Co., in consideration of the surrender by said Taylor & Co. of said twenty-one notes held by them as collateral security, that said Mercantile Company would, as a further and better security for its entire indebtedness to said Taylor & Co., also for the benefit of other creditors named and agreed upon, execute and deliver a deed of trust upon all of its real estate, stock of goods, wares and merchandise, notes and accounts and choses in action, including those then in the possession of said Taylor & Co., and said Taylor & Co. did then and there in all good faith deliver and turn over to said company the said notes and accounts held as aforesaid."

The court found that Taylor & Co. agreed to surrender the twenty-one notes held as collateral security and accepted in lieu thereof the benefit of the trust deed; and declared the law to be that a creditor who elects between two securities for his debt is bound by his election, and if the one relied upon, by a mistake of law, becomes unavailable, he cannot resort to the security surrendered, to the prejudice of other creditors. Judgment was accordingly rendered in favor of the plaintiff. The interpleaders have appealed.

*Eben W. Kimball* for appellant.

*McRae & Rives* and *J. W. House* for appellees.

MANSFIELD, J.   The money claimed by the inter-
pleaders, Taylor & Co., was collected upon notes en-
dorsed and delivered to them by the defendant, the Jud-
sonia Mercantile Co., as collateral security for a debt
which remains unpaid.   They received the notes several
months before the deed to Hanson was executed, and con-
tinued to hold them up to the date of the judgment ren-
dered in this cause.   Their right to the sum in contro-
versy is denied on the alleged ground that they agreed
to surrender the notes in consideration of having their
debt preferred by the deed, and that they afterwards
claimed the benefit of that preference by an interplea
filed in one of the attachment suits.   It is argued that
this was an election to accept the provision contained in
the deed, and that the security acquired by the pledge
of the notes was thereby relinquished.   But the inter-
plea referred to does not import an intention to relinquish
the security afforded by the notes, except upon the con-
dition of obtaining that provided in the deed ; and the
latter, it is conceded, was void.   An election is a choice
between two rights or benefits.   Bishop, Cont. secs. 779,
781 ; Black's Dictionary, 412.   And as the deed was void,
and could not possibly confer any right or benefit, no
case of election was presented by its mere execution.   It
is true that Taylor & Co. could not " accept and reject
the same instrument ; " and if they had received a divi-
dend or other advantage under the deed, they could not
afterwards impeach its validity.   2 Perry, Trusts, sec.
596 ; Bispham's Eq. secs. 245, 306 ; *Frierson* v. *Branch*,
30 Ark. 457.   But they have received nothing under it,
and obtained no advantage whatever because of its exe-
cution ; and the doctrine of election does not apply.

The plaintiff, the Kraft-Holmes Grocer Co., was
not a party to the deed nor a beneficiary under it ; and

we cannot see that it stands in any attitude entitling it to complain that Taylor & Co. have not executed the alleged agreement to surrender the notes. But waiving this point and conceding that Warren had authority to make the agreement, it was merely executory; and as it was based upon a consideration that has entirely failed, Taylor & Co. are under no obligation to perform it.

We think the court's declaration of law was not applicable to the case; and that, upon the facts embraced in the agreed statement, the finding should have been for the interpleaders. The judgment will therefore be reversed, and the cause remanded for further proceedings not inconsistent with this opinion.